O

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# VICTORIA DIVISION

| | |
|---|---|
| **RODNEY MONTELLO** *et al.*, § § | |
| Plaintiffs, § § | |
| v. § § | |
| **ALCOA, INC., REYNOLDS METALS COMPANY, BON L. CAMPO and TREDEGAR CORPORATION,** § § § § | **CIVIL ACTION NO. V-02-84** |
| Defendants, § § | |
| v. § § | |
| **WHITTAKER CORPORATION,** § § | |
| Third-Party Defendant. § | |

## MEMORANDUM & ORDER

Pending before the Court are Third-Party Plaintiffs Reynolds Metals Company ("Reynolds") and Alcoa. Inc.'s ("Alcoa") (Collectively, "Plaintiffs") Motions for Leave of Court to Amend Complaint (Dkt. #s 49 & 50).[1] Upon reviewing the motions and the applicable law, the Court is of the opinion that Plaintiffs' motions should be granted.

### Factual and Procedural Background

This case originated as a toxic tort case in which Rodney Montello and approximately 40 other plaintiffs, individuals residing or owning property in or around El Campo, Texas, asserted personal injury and property damage claims against Alcoa, Reynolds, Bon L. Campo, and Tredegar Corporation. All the defendants are alleged to be past or present owners of a now closed aluminum extrusion plant in El Campo, Texas (the "Plant"). The original plaintiffs alleged that their domestic

---

[1] Based upon its review of the motions for leave to amend, both motions appear to be identical. Therefore the Court will address them simultaneously.

water wells were contaminated by a chemical called trichloroethylene that was allegedly used at the Plant to clean metal parts.

On April 15, 2003, the Court granted Third-Party Plaintiffs leave to file a third-party action against Whittaker. Reynolds is a past owner and operator of the Plant and Alcoa is its parent company. On April 16, 2003, the Court granted the original plaintiffs' motion to dismiss their claims against the original defendants so that they could join related lawsuits that were consolidated in the 23rd Judicial District Court of Wharton County, Texas. The Court determined that the Plaintiffs' claims against Whittaker were "unaffected" by the order of dismissal of the original plaintiffs' claims. Alcoa and Reynolds subsequently amended their complaint on April 25, 2003.

The Plaintiffs' First Amended Third-Party Complaint asserts three claims against Whittaker: (1) contribution and indemnity for Plaintiffs' claims under Texas common law and Chapter 33 of the Texas Civil Practice and Remedies Code; (2) contribution under the Comprehensive Environmental Response Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9601 *et seq.*, for environmental response costs incurred by Reynolds; and (3) cost recovery under Section 361.344 of the Texas Solid Waste Disposal Act ("TSWDA") for costs incurred by Reynolds. Plaintiffs now seek to amend their complaint, again.

## Discussion

Plaintiffs seek to file their Second Amended Third-Party Complaint ("Second Amended Complaint") to clarify their existing claims. They assert that they are not seeking to add claims, but rather, are merely seeking to amend their complaint in order to (1) withdraw their contractual indemnity claims which the Court dismissed pursuant to an Agreed Order Granting Partial Summary Judgment dated March 7, 2005; and (2) clarify their existing claims under CERCLA. Whittaker

strongly opposes Plaintiffs' motions, arguing that Plaintiffs are inappropriately seeking to add completely new claims and a new theory of recovery. Specifically, Whittaker argues that Plaintiffs seek to add a claim that Alcoa, in addition to Reynolds, incurred response costs for which it seeks recovery under CERCLA and the TSWDA. Whittaker also asserts that Plaintiffs' attempt to add a new CERCLA "cost recovery" theory, in addition to Reynolds' CERCLA contribution claim. Whittaker objects to Plaintiffs' motion on the grounds that (1) allowing the amendment would result in undue prejudice; (2) the "new" alleged claims and theories are futile and would not survive a motion to dismiss; and (3) the Plaintiffs unreasonably delayed seeking leave to amend.

Leave to amend pleadings "shall be freely given when justice so requires." FED. R. CIV. P. 15(a); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). The Fifth Circuit has noted, however, that leave to amend "is by no means automatic." *Parish v. Frazier*, 195 F.3d 761, 763 (5th Cir. 1999) (quoting *Little v. Liquid Air Corp.*, 952 F.2d 841, 845-46 (5th Cir. 1992), *rev'd on other grounds on reh'g en banc*, 37 F.3d 1069 (5th Cir. 1994) (per curiam)). Instead, the decision "lies within the sound discretion of the district court." *Little*, 952 F.2d at 846. The court may consider a number of factors in exercising this discretion, including undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. *See Foman*, 371 U.S. at 182.

Despite Whittaker's assertions to the contrary, the claims and theories in Plaintiffs' Second Amended Complaint are not completely new. Focusing first upon Whittaker's arguments with respect to Plaintiffs' cost recovery theory under the TSWDA, what Whittaker asserts to be new claims is in fact only a clarification of one claim that was already pled both in Plaintiffs' Original

Third-Party Complaint  Complaint and First Amended Third-Party Complaint.  The Second Amended Complaint merely clarifies that Reynolds' parent, Alcoa, also incurred response costs for which it seeks recovery under CERCLA.  Alcoa is clearly not a new party to the case and the Court does not believe Whittaker would be prejudiced by allowing the amendment.  Additionally, Whittaker does not present any argument in support of its assertion that Plaintiffs' state cost recovery theory would not withstand a motion to dismiss.  Therefore the Court cannot find futile Plaintiffs' motion to amend their complaint with respect to that claim.

Turning to Whittaker's assertion that Plaintiffs are attempting to add a new cost recovery theory under CERCLA, this allegedly new theory was also previously pled both in the Original Thirdy-Party Complaint and the First Amended Third-Party Complaint.  Though in the Second Amended Complaint, Plaintiffs have changed the heading from "Contribution under CERCLA" to "Contribution *and* Cost Recovery Under CERCLA"[2] both the Original Third-Party Complaint and the First Amended Third-Party Complaint state that "Whittaker is liable under CERCLA, 42 U.S.C. § 9607(a)(2), and/or 42 U.S.C. § 9613(f), for the necessary costs of response that Reynolds has incurred . . . ."  Section 9607(a), commonly referred to as § 107(a), is the "cost recovery" section of CERCLA.  *See Cooper Indus. v. Aviall Servs., Inc.*, --- U.S. ----, ----, 125 S. Ct. 577, 580 (2004).  Thus, Plaintiffs had previously sought relief under a CERCLA cost recovery theory.  The only differences between the first two complaints and the Second Amended Complaint are that Plaintiffs have (1) made the heading of their CERCLA theories more explicit; and (2) clarified that Alcoa has also incurred expenses for which Plaintiffs seek both contribution and cost recovery.  The Court does not believe amendment would unduly prejudice Whittaker.  Additionally, the Court declines

---

[2] Emphasis added.

to deny Plaintiffs' motion for leave to amend on the ground that it would be futile to allow them to amend their complaint. The cost recovery theory was adequately pled in Plaintiffs' earlier complaints and Plaintiffs merely seek to clarify that Alcoa also incurred costs which it seeks to recover. Whittaker's arguments that Plaintiffs' cost recovery claim would not survive a motion to dismiss are more appropriately addressed in either a motion to dismiss or a motion for summary judgment.

Finally, the Court does not believe that Plaintiffs unduly delayed seeking amendment in this case.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motions for Leave of Court to Amend Complaint (Dkt. #s 49 & 50) are GRANTED.

It is so ORDERED.

**SIGNED** on this 14th day of September, 2005.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE